|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 12-39-JFW (FMO)** | Date:  January 17, 2012 |

Title: Inferno Distribution, LLC et al. -v- Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1 Beteiligungs KG, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

　　On September 8, 2011, Plaintiffs Inferno Distribution, LLC and Inferno International, LLC ("Plaintiffs") filed a Complaint against Defendants Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG ("Cinezeta"), Cinerenta Gesellschaft Fur International Filmproduktion mbH & Co. Funfte Medienbeteiligungs ("Cinerenta KG V"), Cine Pictures Management GmbH ("Cine Pictures"), Dr. Florian Lechner ("Lechner"), and Andrew Mann ("Mann") (collectively "Defendants") in Los Angeles Superior Court.  On January 3, 2012, Cinezeta, Cinerenta KG V, Cine Pictures, and Lechner filed a Notice of Removal of Action to Federal Court ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). On January 3, 2012, Mann filed a Consent to and Joinder in the Notice of Removal.

　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Initials of Deputy Clerk   sr

28 U.S.C. §1332(a)(2) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . . citizens of a State and citizens or subjects of a foreign state." The requirement of complete diversity applies to 28 U.S.C. § 1332(a)(2). *Depex Reina 9 Partnership v. Texas Internat'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990). Moreover, there is no jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in actions by one foreign subject against another. *See, e.g., Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000).

To establish the citizenship of a limited liability company, Defendants must, at a minimum, allege the citizenship of all members of the limited liability company. *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (defendant failed to carry its burden of establishing diversity of citizenship where its notice of removal did not list the citizenship of all the members of a limited liability company). Defendants fail to allege, for example, the citizenship of any of the members of Plaintiffs Inferno Distribution, LLC or Inferno International, LLC.

Defendants have failed to satisfy their burden of establishing that jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) exists. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.